UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
--------------------------------------------------------

|  |  |  |
|---|---|---|
| BARRY C. DRAKE, | : | CASE NO. 3:02-CV-511 |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No. 38] |
| KIMBERLY SHUMATE, et al., | : |  |
| Defendants. | : |  |
|  | : |  |

--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Barry Drake ("Drake") seeks relief from the Court's order dismissing his case under Rule 60(b) of the Federal Rules of Civil Procedure. [Doc. 38.] The federal Defendants oppose Plaintiff's motion. [Doc. 39.] For the reasons stated below, the Court **DENIES** Plaintiff's motion for relief from judgment.

I. Background

On May 1, 2003, the Court dismissed this action against all federal defendants under Fed. R. Civ. P. 12(b)(6) and 58. [Doc. 27.] On May 16, 2003, Plaintiff Drake filed a motion to alter or amend the judgment. [Doc. 29.] The Court denied this motion on May 30, 2003. [Doc. 32.] Nearly two years later, the Plaintiff appealed this decision to the Sixth Circuit, which, on July 26, 2005, dismissed the appeal for lack of jurisdiction. [Docs. 33, 37.] On February 1, 2006, the Plaintiff filed a motion for relief pursuant to Fed. R. Civ. P. 60(b), seeking relief from the Court's order dismissing his case. [Doc. 38.] The federal Defendants oppose the Plaintiff's motion for relief from the judgment. [Doc. 39.]

Case No. 3:02-CV-511
Gwin, J

## II. Discussion

Plaintiff Drake argues that this Court should grant him relief from the order dismissing his case because the dismissal of his complaint was fraudulent and the judgment dismissing his case is void. Rule 60(b) of the Federal Rules of Civil Procedure establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" in six specific situations. Fed. R. Civ. P. 60(b).

Rule 60(b)(3) grants a court the authority to relieve a party from a judgment where "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" exists. Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) motions must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Rule 60(b)(4) enables a court to relieve a party from judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). Motions filed under Rule 60(b)(4) must be made "within a reasonable time." Fed. R. Civ. P. 60(b). The court must evaluate the "reasonable time" requirement of Rule 60(b) based on the facts of the individual case. *Days Inn Worldwide, Inc. v. Patel,* 445 F.3d 899, 906 (6th Cir. 2006). The party seeking relief under Rule 60(b) bears the burden "to bring himself within the provisions of Rule 60(b)." *In re Salem Mortgage Co.,* 791 F.2d 456, 459 (6th Cir. 1986).

Plaintiff Drake's argument that the dismissal of his case is fraudulent pursuant to Rule 60(b)(3) is not timely. Plaintiff's case was dismissed by this Court on May 1, 2003. [Doc. 27.] Nearly three years later, on February 1, 2006, Plaintiff Drake filed his Rule 60(b)(3) motion. [Doc. 38.] This filing is clearly untimely because Rule 60(b)(3) claims must be made "not more than one year after the judgment" was issued. Fed. R. Civ. P. 60(b).

Plaintiff's claim that the judgment dismissing his complaint is void under Rule 60(b)(4) is

Case No. 3:02-CV-511
Gwin, J

also untimely. The Plaintiff has failed to articulate an explanation or excuse for the delay, lasting nearly three years, between the dismissal of his case and the filing of the instant motion. Plaintiff Drake thus fails to carry his burden of showing that his Rule 60(b)(4) arguments were made within a "reasonable time" after the judgment. *Id.*

Even if the Plaintiff's Rule 60(b)(4) motion for relief from judgment was made "within a reasonable time," the motion does not show grounds for relief from judgment. A judgment is void under Rule 60(b)(4) "[o]nly in the rare instance of a clear usurpation of power" by the court. *Jalapeno Prop. Mgmt., LLC v. Dukas,* 265 F.3d 506, 516 (6th Cir. 2001). Void judgments must be distinguished from erroneous judgments "to prevent the use of the Rule as a substitute for an appeal." *Id.* Under Rule 60(b)(4), a judgment is rendered void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 108 (6th Cir. 1995) (citing *In re Edwards,* 962 F.2d 641, 644 (7th Cir. 1992)). In this case, Plaintiff has failed to demonstrate any factors that would render this Court's judgment void.

Plaintiff's motion for relief from judgment is untimely and fails to show grounds for relief from judgment. The Court has already addressed the issues raised by Plaintiff, both before judgment and upon reconsideration. The Plaintiff also had the opportunity to appeal. Plaintiff Drake may not re-litigate his case by way of the Rule 60(b) motion for relief from a judgment that was issued years ago.

-3-

Case No. 3:02-CV-511
Gwin, J

### III. Conclusion

For these reasons, the Court **DENIES** Plaintiff's motion for relief from judgment.

IT IS SO ORDERED.


Dated: September 4, 2007	s/	*James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE